UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| RONALD BRABEC and KATHLEEN BRABEC, | ) ) ) | |
| Plaintiffs, | ) ) | |
| v. | ) ) | No. 05 C 6646 |
| P.O. DAVID GREEN, P.O. CIROLIA, P.O. M. OCHSNER, individually, and DELORES SALERNO, | ) ) ) ) ) | |
| Defendants. | ) | |

## MEMORANDUM OPINION AND ORDER

MARVIN E. ASPEN, District Judge:

Plaintiff Kathleen Brabec ("Brabec") and her husband, Ronald Brabec, filed a seven-count amended complaint against Defendants Delores Salerno and Berwyn Police Officers David Green, Cirolia, and M. Ochsner alleging various federal and state law claims. Presently before us is Salerno's motion to dismiss Brabec's false arrest (Count VI) and malicious prosecution (Count VII) claims pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure. For the reasons set forth below, Salerno's motion to dismiss the amended complaint is granted in part and denied in part.

### BACKGROUND

The following summary of factual allegations is taken from Brabec's amended complaint and deemed true for purposes of this motion. *See Cody v. Harris,* 409 F.3d 853, 857 (7th Cir. 2005).

On September 19, 2004, Brabec dined with Ronald and friends at Arnie Salerno's Restaurant and Pizzeria, a restaurant owned by Salerno. While at the restaurant, the Brabecs were involved in a dispute with the restaurant staff regarding their food order. Village of Berwyn Police Officer Green approached plaintiffs' table, at which time an altercation ensued between Ronald and the police officer. (Am. Compl. at 2.) During the exchange, two additional Berwyn police officers – Cirolia and Ochsner – arrived on the scene. (*Id.* at 3.) Ronald was arrested and subsequently charged with several criminal offenses, including battery, which were later resolved in his favor. (*Id.* at 4, 5.) Additionally, both Ochsner and Salerno filed criminal charges against Brabec. (*Id.* at 6, 7.) At trial, Brabec was acquitted of the charges filed by Salerno. (*Id.* at 8.)

Based on the facts described above, Brabec and Ronald filed lawsuits against Salerno, Green, Cirolia, and Ochsner. Ronald brings Count I against Green, pursuant to 42 U.S.C. § 1983. (*Id.* at 1.) In Count II, Ronald alleges failure to intervene on the parts of Cirolia and Ochsner. (*Id.* at 3.) Ronald brings Count III against Green for false arrest. (*Id.* at 4.) In Count IV, Ronald alleges malicious prosecution against Green. (*Id.* at 5.) Brabec, in Count V, asserts a claim of false arrest against Ochsner. (*Id.* at 6.) Brabec brings Count VI against Salerno for false arrest. In Count VII, Brabec alleges a claim of malicious prosecution against Salerno. (*Id.* at 7.) Brabec seeks monetary damages from Salerno. (*Id.* at 8.) Salerno moves to dismiss the charges against her pursuant to Federal Rule of Civil Procedure 12(b)(6).

## STANDARD OF REVIEW

"The purpose of a motion to dismiss is to test the sufficiency of the complaint, not to decide the merits." *Gibson v. City of Chicago,* 910 F.2d 1510, 1520 (7th Cir. 1990)

(quoting *Triad Assocs., Inc. v. Chicago Hous. Auth.,* 892 F.2d 583, 586 (7th Cir. 1989)). A complaint is not required to allege all or any of the facts entailed by the claim. *Lekas v. Briley,* 405 F.3d 602, 606 (7th Cir. 2005); *see also McCormick v. City of Chicago,* 230 F.3d 319, 324-325 (7th Cir. 2000) (holding that plaintiff can plead conclusions if they put defendant on notice of claims).

In considering a motion to dismiss, we must accept all well-pled allegations in the complaint as true and draw all reasonable inferences in the plaintiff's favor. *Gibson,* 910 F.2d at 1520-21; *Cody,* 409 F.3d at 857. Dismissal is warranted only if the plaintiff can prove no set of facts in support of her claims that would entitle her to relief. *See Conley v. Gibson,* 355 U.S. 41, 45-46, 78 S.Ct. 99 (1957).

## ANALYSIS

Salerno moves to dismiss Brabec's claims for false arrest (Count VI) and malicious prosecution (Count VII) as insufficiently pled.

### A.  False Arrest Claim

Count VI, a state law claim for false arrest, alleges that Salerno signed a criminal complaint against Brabec which Salerno knew was false. (Am. Compl. at 7.) In order to state a claim for false arrest under Illinois law, a plaintiff must allege that the defendant caused or procured a restraint of the plaintiff without having reasonable grounds to believe that the plaintiff had committed an offense. *Dutton v. Roo-Mac, Inc.,* 100 Ill. App. 3d 116, 119-120, 426 N.E.2d 604, 607-608 (2d Dist. 1981). Further, Illinois law requires that in claims against a private individual, the plaintiff allege that the arresting officer relied solely on the information provided by the private individual when making the arrest. (*Id.*)

To find for Brabec on this claim, we must accept as true her allegation that Salerno filed a false criminal complaint yet disregard her assertion that Ochsner separately filed criminal charges. This runs contrary to the law. When we accept all of Brabec's well-pleaded facts as true and draw inferences in her favor, we conclude that both Salerno and Ochsner filed criminal charges to her detriment. *Gibson*, 910 F.2d at 1520. Indeed, a plaintiff can plead herself out of court by pleading facts that undermine the allegations set forth in the complaint. *Lekas,* 405 F.3d at 613-614. In the amended complaint, Brabec alleges that both Salerno and Ochsner filed criminal charges against her. Given that Ochsner personally witnessed the incident at the restaurant, he could not have relied solely on information provided by Salerno. Therefore, Brabec's claim must be dismissed as failing to fulfill one of the elements necessary to state a cause of action of false arrest.

While a motion to dismiss should not be granted unless it "appears beyond a doubt that the plaintiffs can prove no set of facts in support of its claim that would entitle them to relief," *Conley*, 355 U.S. at 45-46, the court need "not strain to find inferences favorable to the plaintiff which are not apparent on the face of the complaint," *Coates v. Illinois State Bd. of Educ.,* 559 F.2d 445, 447 (7th Cir. 1977). Brabec's allegations that both Salerno and Ochsner (a witness) filed criminal charges directly contradict an inference that Salerno was the sole cause of her arrest.[1]

---

[1] Also, Brabec's reliance on *Middleton v. Kroger Co.,* 38 Ill. App. 3d 295, 347 N.E.2d 27 (3d Dist. 1976) is misplaced. In *Middleton,* the signing of the criminal complaint was used to evaluate whether the defendant procured or caused the arrest of the plaintiff. (*Id.*) That element is not at issue here. In this case, the question is whether the information provided by the Defendant was the sole cause of the Brabec's arrest. Further, *Middleton* is distinguished because in the present case, the arresting police officer was also a witness to the events that led to the arrest.

### B. Malicious Prosecution Claim

Count VII, a state law claim for malicious prosecution, alleges that Salerno proceeded with criminal charges against Brabec knowing that the charges were false where Brabec was later found not guilty. (Am. Compl. at 7-8.) In Illinois, the elements of malicious prosecution are well established. A plaintiff must allege: "(1) the commencement or continuance of an original criminal or civil judicial proceeding by the defendant; (2) the termination of the proceeding in favor of the plaintiff; (3) the absence of probable cause for such proceeding; (4) the presence of malice; and (5) damages resulting to the plaintiff." *Swick v. Liautaud,* 169 Ill. 2d 504, 512, 662 N.E.2d 1238, 1242 (Ill. 1996) (internal quotation omitted).

Salerno argues that Brabec failed to allege lack of probable cause. We disagree. Brabec contends that Salerno proceeded with charges against her knowing that they were false. Although Brabec's complaint fails to specifically allege the absence of probable cause, such can be inferred from the facts alleged. Thus, she has alleged sufficient facts to satisfy the liberal notice pleading standards dictated by Federal Rule of Civil Procedure 8(a)(2).

**CONCLUSION**

For the reasons set forth above, we grant in part and deny in part Salerno's motion to dismiss. Count VI (false arrest) of plaintiffs' first amended complaint is dismissed without prejudice.[2] We deny the motion to dismiss as to Count VII (malicious prosecution). It is so ordered.

MARVIN E. ASPEN
United States District Judge

Dated: July 13, 2006

---

[2] Brabec may amend her complaint within 30 days from entry of this order in accordance with our ruling, if she so chooses.